No. 25-50595

# In the United States Court of Appeals
# for the Fifth Circuit

———

Las Americas Immigrant Advocacy Center; American Gateways; County of El Paso, Texas,

*Plaintiffs-Appellees*,

*v.*

Deputy Director Freeman F. Martin, in his official capacity as Director of the State of Texas Department of Public Safety; Gregory Abbott, sued in his official capacity; Warren K. Paxton, sued in his official capacity,

*Defendants-Appellants.*

————

United States of America,

*Plaintiff*,

*v.*

Greg Abbott, in his official capacity as Governor of Texas

*Defendant-Appellant.*

————

La Union Del Pueblo Entero; Sarah Doe; Mary Doe; John Doe; James Doe,

*Plaintiffs-Appellees*,

*v.*

Gregory Abbott, sued in his official capacity; Warren K. Paxton, sued in his official capacity,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

## APPELLANTS' OPENING BRIEF

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

WILLIAM R. PETERSON
Solicitor General

DANIEL M. ORTNER
Assistant Solicitor General
Daniel.Ortner@oag.texas.gov

*Counsel for Appellants*

## CERTIFICATE OF INTERESTED PERSONS

No. 25-50595

———

LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; COUNTY OF EL PASO, TEXAS,

*Plaintiffs-Appellees,*

*v.*

DEPUTY DIRECTOR FREEMAN F. MARTIN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE STATE OF TEXAS DEPARTMENT OF PUBLIC SAFETY; GREGORY ABBOTT, SUED IN HIS OFFICIAL CAPACITY; WARREN K. PAXTON, SUED IN HIS OFFICIAL CAPACITY,

*Defendants-Appellants.*

———

UNITED STATES OF AMERICA,

*Plaintiff,*

*v.*

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS

*Defendant-Appellant.*

———

LA UNION DEL PUEBLO ENTERO; SARAH DOE; MARY DOE; JOHN DOE; JAMES DOE,

*Plaintiffs-Appellees,*

*v.*

GREGORY ABBOTT, SUED IN HIS OFFICIAL CAPACITY; WARREN K. PAXTON, SUED IN HIS OFFICIAL CAPACITY,

*Defendants-Appellants.*

———

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

———

i

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants, Governor Gregory Abbott, Attorney General Warren K. Paxton, and Director Freeman F. Martin, as governmental parties, need not furnish a certificate of interested persons.

/s/ Daniel M. Ortner
DANIEL M. ORTNER
*Counsel for Defendants-Appellants*

ii

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case since the district court plainly erred in denying Appellants' motion to dismiss and directing them to file an answer without determining whether Plaintiffs' claims were barred by sovereign immunity.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons ................................................................. i

Statement Regarding Oral Argument ........................................................ iii

Table of Authorities ................................................................................... v

Statement of Jurisdiction ........................................................................... 1

Issues Presented ......................................................................................... 2

Introduction ............................................................................................... 3

Statement of the Case ................................................................................ 4

Summary of the Argument ......................................................................... 8

Standard of Review .................................................................................. 10

Argument .................................................................................................. 11

    I.   The District Court Erred by Refusing to Consider Appellants' Sovereign Immunity Arguments ................................................. 11

        A.  This interlocutory appeal is proper. ........................................ 12

        B.  The district court erred by effectively denying Texas's sovereign immunity. ............................................................... 14

    II.  This Court Should Vacate and Remand in the *LUPE* case ........................ 16

    III. Alternatively, this Court Could Reach the Merits and Hold that the LUPE Plaintiffs' Claims Against the Appellants are Barred by Sovereign Immunity. ...................................................................... 17

    IV. This Court Should Summarily Reverse in *Las Americas* and Direct the District Court to Dismiss the Case. ...................................... 20

Conclusion and Prayer ............................................................................. 23

Certificate of Compliance ........................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Abbott*,
956 F.3d 696 (5th Cir. 2020) ..............................................................................18

*Alabama-Coushatta Tribe of Tex. v. United States*,
757 F.3d 484 (5th Cir. 2014) ..............................................................................10

*Alden v. Maine*,
527 U.S. 706 (1999)............................................................................................11

*Armstrong v. Ashley*,
918 F.3d 419 (5th Cir. 2019) ..............................................................................13

*Ex parte Ayers*,
123 U.S. 443 (1887).............................................................................................11

*Boyd v. Biggers*,
31 F.3d 279 (5th Cir. 1994) .................................................................................13

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) ......................................................................*passim*

*City of Austin v. Paxton*,
943 F.3d 993 (5th Cir. 2019) ........................................................................18, 19

*Cribbs Ringer v. Comal Indep. Sch. Dist.*,
No. 25-51045, Dkt. 59-1 (May 29, 2026).............................................................21

*Galette v. N.J. Transit Corp.*,
607 U.S. 509 (2026)............................................................................................11

*Groendyke Transp., Inc. v. Davis*,
406 F.2d 1158 (5th Cir. 1969) ............................................................................21

*Haverkamp v. Linthicum*,
6 F.4th 662 (5th Cir. 2021) (per curiam) ...........................................................12

*Helton v. Clements*,
787 F.2d 1016 (5th Cir. 1986) (per curiam) ........................................................13

*James v. Hegar*,
86 F.4th 1076 (5th Cir. 2023) ......................................................................1, 20

*John Gannon, Inc. v. Texas Dep't of Transp.*,
178 F.4th 906 (5th Cir. 2026) ...........................................................................11

*La Union del Puebloe Entero v. Nelson*,
163 F.4th 239 (5th Cir. 2025) .....................................................................18, 19

*McKinley v. Abbott*,
643 F.3d 403 (5th Cir. 2011) .............................................................................11

*Mi Familia Vota v. Abbott*,
977 F. 3d 461 (5th Cir. 2020) ............................................................................18

*Mi Familia Vota v. Ogg*,
105 F.4th 313 (5th Cir. 2024) ................................................................17, 19, 20

*Mitchell v. Forsyth*,
472 U.S. 511 (1985).............................................................................................11

*Morrow v. Dillard*,
580 F.2d 1284 (5th Cir. 1978) ...........................................................................21

*Nat'l Press Photographers Assn. v. McCraw*,
90 F.4th 770 (5th Cir. 2024) ..............................................................................20

*Ostrewich v. Tatum*,
72 F.4th 94 (5th Cir. 2023) ................................................................................19

*Pearson v. Callahan*,
555 U.S. 223 (2009)............................................................................................14

*Ramirez v. Guadarrama*,
3 F.4th 129 (5th Cir. 2021) (per curiam) ..........................................................14

*Russell v. Jones*,
49 F.4th 507 (5th Cir. 2022) .........................................................................8, 11

vi

*Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*,
  79 F.4th 512 (5th Cir. 2023) ...............................................................15

*State v. Stephens*,
  663 S.W. 3d 45 (Tex. Crim. App. 2019) ...........................................19

*Tex. Democratic Party v. Abbott*,
  978 F.3d 168 (5th Cir. 2020) .......................................................18, 19

*Texas All. for Retired Ams. v. Scott*,
  28 F.4th 669 (5th Cir. 2022) ...................................................17, 18, 19

*United States v. Abbott*,
  85 F. 4th at 337 .................................................................................18

*United States v. Haim*,
  156 F.4th 691 (5th Cir. 2025) (per curiam) .......................................21

*United States v. Hernandez-Ramirez*,
  No. 25-50739, 2026 WL 432176 (5th Cir. Feb. 16, 2026) (per
  curiam) ................................................................................................21

*United States v. Junior Marriel*,
  786 F. App'x 474 (5th Cir. 2019) (per curiam) ..................................21

*United States v. Texas*,
  173 F.4th 659 (5th Cir. 2026) (en banc) .....................................*passim*

*United States v. Texas*,
  719 F. Supp. 3d 640 (W.D. Tex. 2024) ...............................................4

*Walker v. Beaumont Indep. Sch. Dist.*,
  938 F.3d 724 (5th Cir. 2019) .............................................................13

*Wertenbroch v. Hardeman*,
  178 F.4th 186 (5th Cir. 2026) .....................................................*passim*

*Wicks v. Miss. State Emp. Servs.*,
  41 F.3d 991 (5th Cir. 1995) ...............................................................14

vii

*Zirus v. Zuiker*,
   No. 25-50094, 2025 WL 3688711 (5th Cir. Dec. 19, 2025) (per
   curiam)
   ..................................................................................................*passim*

**Constitutional Provision, Statutes, and Rules**

U.S. Const. amend. XI  ................................................................12, 20

28 U.S.C. § 1291 ..............................................................................13

28 U.S.C. § 1331 ................................................................................1

42 U.S.C. § 1983 ................................................................................1

Tex. Code Crim. Proc. art. 5B.0002 .................................................4

Tex. Code Crim. Proc. art. 5B.0003 .................................................4

Tex. Penal Code § 51.02 ...................................................................4

Tex. Penal Code § 51.03 ................................................................ 4, 5

Tex. Penal Code § 51.04 ...................................................................4

Texas Penal Code amends Chapter 51................................................4

## STATEMENT OF JURISDICTION

Plaintiffs bring this case under 42 U.S.C. § 1983 and claim that the district court has federal question jurisdiction over this case under 28 U.S.C. § 1331. However, the district court lacks jurisdiction because Plaintiffs' claims are barred by Appellants' sovereign immunity and Plaintiffs lack standing.

This Court has jurisdiction over this interlocutory appeal under the collateral order doctrine because it concerns the denial of Appellants' claim of sovereign immunity. The Court also has jurisdiction over Appellants' standing arguments under its pendent appellate jurisdiction. *See James v. Hegar*, 86 F.4th 1076, 1081 (5th Cir. 2023); *Zirus v. Zuiker*, No. 25-50094, 2025 WL 3688711, at *1 (5th Cir. Dec. 19, 2025) (per curiam).

This appeal was timely filed because the district court issued its text order denying Appellants' motion to dismiss asserting sovereign immunity on June 23, 2025, ROA.977-79, 980-82, and Appellants filed their timely notice of appeal on July 21, 2025. ROA.975-76.

# Issues Presented

1.  Whether the district court erred by denying Appellants' motions to dismiss and directing them to file an answer without evaluating—and thereby rejecting—Appellants' sovereign immunity argument.

2.  Whether the *Las Americas* case should be dismissed in the light of the en banc Court's prior holding that Plaintiffs in that case lack standing.

# Introduction

Federal courts have a duty to consider sovereign immunity "at the earliest possible stage of the litigation." *Zirus v. Zuiker*, No. 25-50094, 2025 WL 3688711, at *1 (5th Cir. Dec. 19, 2025) (per curiam). But the district court failed to do so here. Instead, it denied Appellants' motions to dismiss without evaluating whether the pair of lawsuits challenging a Texas immigration law were barred by sovereign immunity and directed Appellants to file their answer. Under this Court's binding precedent, that decision is immediately appealable and is reversible error.

This appeal involves two consolidated cases: the *Las Americas* case and the *LUPE* case. The Court should remedy the district court's error in each case differently. In *LUPE* the Court should reverse and remand to allow the district court to evaluate Appellants' sovereign immunity argument for the first time. Alternatively, if the Court decides to reach the merits it should hold that the *LUPE* Plainiffs' claims against the Appellants are barred by sovereign immunity. But in *Las Americas*—because this Court has already held that Plaintiffs lack standing—the Court should exercise its pendent appellate jurisdiction to summarily reverse and order dismissal of the suit for lack of standing.

## STATEMENT OF THE CASE

This appeal arises out of three challenges brought to restrain enforcement of S.B.4, a law that Texas enacted to deal with the devastating "human toll" of illegal immigration. *United States v. Texas*, 173 F.4th 659, 662 (5th Cir. 2026) (en banc) ("*Texas II*").[1] These challenges were consolidated by the district court.

The first of these three challenges was brought by the federal government and was voluntarily dismissed in March 2025, while an appeal was pending before this Court. *United States v. Texas*, No. 1:24-cv-00008-DAE (W.D. Tex.) ("*Texas I*"). The United States has subsequently filed numerous briefs defending Texas's law both before this Court and in the district court. See, *e.g.*, *L.M.L v. Martin*, Case No. 1:26-cv-01170-DAE, Dkt. No. 39 (W.D. Tex.); *L.M.L. v. Martin*, Case No. 26-50418, Dkt. No. 16 (5th Cir.); *United States v Texas*, No. 24-50149, Dkt. No. 375 (5th Cir.). This dismissed challenge is not at issue in this appeal.

The second challenge was brought by a pair of immigration advocacy organizations and the City of El Paso. *Las Americas v. Martin*, 1:23-cv-01537-DAE (W.D. Tex.) ("*Las Americas*"). On January 31, 2024, *Las Americas* was consolidated with *Texas I*, ROA.845-46, and the district court entered a preliminary injunction in the plaintiffs' favor on February 29, 2024. *See United States v. Texas*, 719 F. Supp. 3d 640 (W.D. Tex. 2024). This Court sitting en banc in *Texas II* recently held that the

---

[1] The law amends Chapter 51 of the Texas Penal Code to include two state offenses that track federal immigration law's prohibitions on illegal entry and reentry, as well as an offense for deliberately refusing to comply with State issued return orders. *See* Tex. Penal Code §§ 51.02, 51.03, 51.04; *see also* Tex. Code Crim. Proc. arts. 5B.0002, 5B.0003.

*Las Americas* Plaintiffs lack standing. *Texas II*, 173 F.4th at 667. But the judgment in *Texas II* was limited to vacating the preliminary injunction entered by the district court on February 29, 2024. *Id.* In the light of the en banc decision, Appellants filed an unopposed motion to dismiss the *Las Americas* lawsuit in the district court on May 22, 2026. Dkt. Nos. 87, 88. That motion remains pending before the district court.

The third challenge, *La Union Del Pueblo Entero v. Abbott*, 1:24-cv-270-DAE (W.D. Tex.) ("*LUPE*"), has not been before this Court before because the Plaintiffs filed their complaint *after* the appeal was filed in *Texas I*. ROA.2135. This challenge was brought by another immigration advocacy organization, La Union del Pueblo Entero, as well as several anonymous individuals who claim to have violated the reentry provision (Tex. Penal Code § 51.03) and therefore allege that they fear arrest and prosecution. ROA.2142-43.

The *LUPE* and *Las Americas* Plaintiffs both sued several state officials including Governor Greg Abbott, the Director of Texas Department of Public Safety, Freeman F. Martin, and Attorney General Ken Paxton. The *LUPE* Plaintiffs also sued the district attorneys of several Texas counties. ROA.2143-45. The district attorneys are not parties to this appeal.

This appeal concerns the district court's order denying Appellants' motions to dismiss the *Las Americas* and *LUPE* complaints filed on May 5, 2025, and June 17, 2025. ROA.977-79, 980-82. In April 2024, the district court stayed all proceedings pending issuance of this Court's mandate in *Texas II*, ROA.1066. But following the United States' voluntary dismissal of its complaint in March 2025, ROA.1068, on April 4, 2025, the district court ordered Appellants to file an answer in *Las Americas*

and *LUPE* within 30 days, ROA.853-56 (noting that "[o]n March 18, 2025, Plaintiff United States filed a Notice of Voluntary Dismissal" in *Texas I*), and consolidated *LUPE* with *Las Americas*, ROA.860, 2391.

In lieu of filing an answer—and out of an abundance of caution to preserve its arguments—Appellants filed motions to dismiss as permitted by Rule 12 of the Federal Rules of Civil Procedure. ROA.869-88, ROA.936-57. In those motions, Appellants argued that Appellees lacked standing to challenge S.B.4, cannot overcome Appellants' sovereign immunity, do not have a valid cause of action, and fail to state a claim on the merits. *See* ROA.870, 937.

The Plaintiffs from both *Las Americas* and *LUPE* asked the district court to hold Appellants' motions to dismiss in abeyance until the Fifth Circuit could rule in *Texas II*. ROA.894-99. But the district court instead announced at a status conference that it was "going to deny, without prejudice, subject to refiling, all motions to dismiss that are currently on the docket" because it did not have jurisdiction to deal with the motions to dismiss in the light of the pending appeal, ROA.1000, and directed Appellants to file answers to the complaint, *id*. It did so over Appellants' explicit objection that the district court had not yet ruled on whether it had subject matter jurisdiction over this case due to Appellants' assertion of sovereign immunity and despite depriving Appellants of their right to file a motion to dismiss—and have it actually ruled on by the Court—before being required to answer. ROA.1008-09.

On June 23, the district court formally denied the Appellants' pending motions to dismiss in a text order on its docket stating: "[t]he motion is denied without

6

prejudice subject to refiling after the case is returned from the 5th Circuit." ROA.977-79, 980-82. And on June 24, the district court once again stayed the case in the light of the appeal in *Texas I*. ROA.960-62. Again out of an abundance of caution, Appellants filed this timely appeal on July 21, 2025. ROA.975-76.

## SUMMARY OF THE ARGUMENT

Sovereign immunity protects not just against liability but provides "immunity from *suit* (including discovery)" and from all "coercive judicial process." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022). Accordingly, sovereign immunity arguments must be addressed at the earliest possible stage of the litigation. *Zirus*, 2025 WL 3688711, at *1. The district court failed to comply with that mandate when it denied Appellants' motion to dismiss without addressing sovereign immunity and directed Appellants to file an answer.

This Court's precedent holds that the denial of a motion to dismiss without addressing sovereign immunity is immediately appealable under the collateral order doctrine and constitutes reversible error. *Wertenbroch v. Hardeman*, 178 F.4th 186, 190 (5th Cir. 2026); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). Accordingly, this Court should vacate the district court's denial of the motions to dismiss.

In the *LUPE* case, the Court should remand to allow the district court to consider Appellants sovereign immunity arguments in the first instance. Alternatively, the Court could resolve the sovereign immunity question in the first instance and hold that Plaintiffs' claims against Governor Abbott, Attorney General Paxton, and Director Martin are all barred by sovereign immunity.

In the *Las Americas* case, this Court should exercise its pendent appellant jurisdiction to summarily reverse and order the district court to dismiss the *Las Americas* lawsuit for lack of standing. This Court's recent en banc decision in *Texas II*, 173 F.4th at 662, unequivocally establishes that the *Las Americas* Plaintiffs lack standing and the *Las Americas* Plaintiffs have not objected to a pending motion

to dismiss their case in the district court. Accordingly, judicial economy favors exercising pendent appellate jurisdiction and summarily reversing and dismissing.

## STANDARD OF REVIEW

This Court reviews the district court's denial of Appellants' motion to dismiss de novo. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). Meanwhile, the district court's instruction that Appellants file answers to the complaint is reviewed for abuse of discretion. *Carswell*, 54 F.4th at 311.

## ARGUMENT

### I. The District Court Erred by Refusing to Consider Appellants' Sovereign Immunity Arguments

"A State's immunity from suit is a 'fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.'" *Galette v. N.J. Transit Corp.*, 607 U.S. 509, 519 (2026) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)). This immunity extends to "suits against state officials sued in their official capacities, since such suits are functionally 'against the state itself.'" *John Gannon, Inc. v. Texas Dep't of Transp.*, 178 F.4th 906, 909 (5th Cir. 2026) (quoting *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011)).

Sovereign immunity protects the State from being "subjected to individuals through coercive judicial process." *Russell*, 49 F.4th at 514. It does not just protect "against judgments alone" but provides "an immunity from *suit* (including discovery), not just liability." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Sovereign immunity therefore guards "the sovereign's dignity and authority over its prerogatives," against "the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Id.* at 515 (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)).

Because a State's sovereign immunity is a limitation on the very jurisdiction of federal courts, "a district court has a nondiscretionary duty to consider" sovereign immunity "at the earliest possible stage of the litigation." *Zirus*, 2025 WL 3688711, at *1.

By refusing to rule on Texas's sovereign immunity argument and instead denying the motions to dismiss without prejudice and directing the State to answer Plaintiffs' complaints, the district court effectively denied Texas's sovereign immunity request and exercised subject matter jurisdiction where it does not exist. The district court's functional denial of Texas's sovereign immunity is immediately appealable and reversible error.

## A.  This interlocutory appeal is proper.

Appellants were entitled to file an interlocutory appeal to challenge the district court's denial of sovereign immunity. "The denial of Eleventh Amendment sovereign immunity, though interlocutory, is immediately appealable under the collateral order doctrine." *Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021) (per curiam).

The fact that the district court denied the motions to dismiss without addressing Appellants' immunity arguments does not diminish the appropriateness of this interlocutory appeal. On this point, the Court's recent decision in *Wertenbroch* is decisive. In *Wertenbroch*, a district court denied a motion to dismiss brought by the City Manager for the City of Pittsburg, Texas. 178 F. 4th at 189. In doing so, the district court did not mention or address the city manager's qualified immunity arguments. *Id.* The city appealed asking this Court to vacate the district court's denial of the motion to dismiss. *Id.*

Before doing so, this Court considered its jurisdiction to review the appeal and whether the district court's denial of the motion to dismiss without an affirmative ruling on immunity was an appealable final decision on the issue of immunity. *Id.*

12

The Court first reaffirmed the general principle that denials of governmental immunity are subject to a collateral-order appeal under 28 U.S.C. § 1291. *Id.* Indeed, such immunity claims "present[] 'threshold questions,'" that "must be 'resolved as early in the proceedings as possible.'" *Id.* at 190 (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Accordingly, when a district court "decline[s] to rule on [] immunity when it was so obligated, that may also be considered an appealable final decision." *Id.* (quoting *Armstrong v. Ashley*, 918 F.3d 419, 422 (5th Cir. 2019)). Such an order was "functionally equivalent to a denial of qualified immunity." *Id.* (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam)). The district court's denial "had the practical effect of allowing litigation to continue apace without timely adjudicating [the defendant's] clearly asserted qualified immunity defense, which was properly presented before the court." *Id.* at 192. This was the case even though the district court's order was silent on the immunity issue. *Id.* at 192 & n.1. An immediate interlocutory appeal was therefore proper. *Id.*

The same is true here with even greater force. Sovereign immunity "deprives the court of subject matter jurisdiction." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). Therefore, challenges to a court's subject matter jurisdiction obligate the court to decide the issue "at the earliest possible stage of the litigation." *Zirus*, 2025 WL 3688711, at *1. But the district court's order skipped over that crucial step and allowed "litigation to continue apace without timely adjudicating [the defendant's] clearly asserted . . . immunity defense[.]" *Id.* Indeed, despite refusing to address the State's sovereign immunity, the district court purported to

13

order the State to submit to its jurisdiction by filing an answer. Appellants are thus entitled to immediately appeal that denial.

This case is also similar to *Carswell v. Camp* where a district court denied pending motions to dismiss based on qualified immunity without prejudice and required the defendants "to assert their qualified immunity defense by way of answer." 54 F.4th at 310. Immunity provides not just "a mere defense to liability," but also "an immunity from suit." *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)). Because of this, the court's "postponed ruling," *id.*, "effectively [] denied" the government the benefits of its immunity defense. *Id.* (quoting *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). Just as in *Carswell*, the district court's refusal "to rule on . . . immunity 'at the earliest possible stage of the litigation,'" *id.* (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)), was a denial of immunity and subject to an immediate interlocutory appeal.

## B. The district court erred by effectively denying Texas's sovereign immunity.

The district court's decision to deny the motion to dismiss and direct Appellants to file an answer was erroneous. In *Carswell*, this Court concluded that denying a motion to dismiss without addressing governmental immunity was an abuse of discretion. 54 F.4th at 311. As the Court explained, even "[w]here public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion." *Id.* This ruling had to come immediately, "'at the earliest possible stage of the litigation'—full stop." *Id.* at 312. (citations omitted). By deferring consideration to a later stage and directing the defendants to raise their objection in their answer, the district

court deprived them of adjudication of their immunity "at the earliest possible opportunity." *Id.* And this was an "*ipso facto*" refusal despite the fact "that the court promised to rule promptly once it arrived at the next stage of litigation." *Id.* at 313.

Here, likewise, the district court's decision was an impermissible "*ipso facto*" denial of sovereign immunity. Even though the district court assured Appellants that they could refile, and even if the court would "rule promptly" on a renewed motion, the district court's decision still deprived State Appellants of their right to have their immunity adjudicated "at the earliest possible opportunity." *Id.* at 312.

Nor did the pending appeal from the grant of a preliminary injunction excuse the district court's refusal to evaluate Appellants' jurisdictional objections. "An appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation." *Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023). Accordingly, the appeal from a grant of a preliminary injunction did not divest the district court of its jurisdiction to resolve Defendants' motions to dismiss. The district court seemed to recognize that. After all, it dismissed pending motions to dismiss without analysis and ordered Appellants to file responsive pleadings. That was plainly a purported exercise of jurisdiction over the Appellants—despite their valid claim to sovereign immunity. The procedural posture therefore does not excuse the district court's plain abuse of discretion.

\* \* \*

15

The district court erred by failing to rule on Plaintiffs' sovereign immunity arguments at the earliest possible stage and abused its discretion in directing Appellants to file an answer.

## II. This Court Should Vacate and Remand in the *LUPE* case

Because the district court erroneously refused to determine whether the Plaintiffs' claims in *LUPE* were barred by sovereign immunity, this Court could vacate the denial of the motion to dismiss and remand to allow the district court to evaluate the sovereign immunity argument. Under similar circumstances, this Court has declined to evaluate immunity in the first instance when a district court erroneously denied qualified immunity without ruling on the substance of the state's claim. *See, e.g.*, *Carswell,* 54 F.4th at 314; *Wertenbroch*, 178 F.4th at 193 (vacating an order denying a motion to dismiss for qualified immunity and remanding for further proceedings). Hence, in *Carswell*, this Court refused to evaluate whether the state had immunity despite the plaintiffs' argument that the district court's error was harmless. 54 F.4th at 314. The Court explained that since "all agree the district court has not yet ruled on that question" it would "decline to do so in the first instance." *Id.* The Court should do so here as well with regard to the *LUPE* appeal, *see Zirus*, 2025 WL 3688711, at *2 (vacating an order converting a motion to dismiss for sovereign immunity into a motion for summary judgment and remanding for further

16

proceedings), and allow the district court to "carefully consider" the jurisdictional challenges before it. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 334 (5th Cir. 2024).[2]

## III. Alternatively, if This Court Reaches the Merits, it Should Hold that the LUPE Plaintiffs' Claims Against the Appellants are Barred by Sovereign Immunity.

Alternatively, if this Court decides to reach the substance of the sovereign immunity arguments in the *LUPE* case, it should conclude that the Appellants are not subject to suit under *Ex parte Young* because they lack the necessary enforcement connection to S.B.4. "To be a proper defendant under *Ex parte Young*," a plaintiff must show that "(1) the state official has 'more than the general duty to see that the laws of the state are implemented' . . . (2) the state official has a 'demonstrated willingness to exercise that duty'; and (3) the state official, through her conduct, 'compels or constrains persons to obey the challenged law.'" *Ogg*, 105 F.4th at 325 (quoting *Texas All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022) ("*TARA*")).

Governor Abbott is not a proper *Ex parte Young* defendant because he lacks the requisite enforcement connection to S.B.4. The *LUPE* plaintiffs point only to the Governor's roles as "the chief executive officer and the chief law enforcement officer of the State of Texas" and claim that Governor Abbott "is responsible for ensuring that the laws of Texas are faithfully executed, including [S.B.4]."

---

[2] Because similar arguments regarding sovereign immunity are likely to be raised in the pending appeal in *L.M.L. v. Martin*, Case No. 26-50418 (5th Cir.), this Court could also remand with instructions to stay the case pending this Court's determination of L.M.L.

ROA.2143-44. But it is black-letter law that this "general duty to see that the laws of the state are implemented" is not a sufficient enforcement connection for purposes of *Ex Parte Young*. *TARA*, 28 F.4th at 672 (quoting *City of Austin v. Paxton*, 943 F.3d 993, 999-1000 (5th Cir. 2019)). Rather, "[t]he official must enforce 'the particular statutory provision that is the subject of the litigation.'" *Id.* (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) ("*TDP*")). Yet here the "particular statutory provision[s]," *id.*, create state criminal offenses, and Governor Abbott does not possess the power of prosecution: "prosecutions are undertaken by local authorities so only those officials may be sued." *United States v. Abbott*, 85 F. 4th at 337, *citing Mi Familia Vota v. Abbott*, 977 F. 3d 461, 464, 467 (5th Cir. 2020); *see also In re Abbott*, 956 F.3d 696, 709 (5th Cir. 2020).

Attorney General Paxton is similarly not a proper *Ex parte Young* defendant because he also lacks the requisite enforcement connection to S.B.4. Plaintiffs point to Attorney General Paxton's role as "Texas' chief law enforcement officer" and claim that he can "assist in prosecutions of criminal cases as second chair" or "take the lead on prosecutions at the invitation of a local district attorney." ROA.2144. They also claim that Attorney General Paxton "can task employees of the Office of the Attorney General to investigate violations of [S.B.4] and train prosecutors and investigators to enforce [S.B.4]." ROA.2144.

This Court has already rejected these arguments in a related context. *See La Union del Puebloe Entero v. Nelson*, 163 F.4th 239, 272-73 (5th Cir. 2025) (rejecting argument that Attorney General enforces a criminal statute because he can prosecute or investigate crimes). Like Governor Abbott, Attorney General Paxton lacks

18

independent power to prosecute criminal offenses. *Id.* (citing *State v. Stephens*, 663 S.W. 3d 45, 51-54 (Tex. Crim. App. 2019)); *see also Ogg*, 105 F.4th at 318. Nor, under existing precedent, can the Attorney General compel local prosecutors to enforce the law or bring his own enforcement proceedings. *Ostrewich v. Tatum*, 72 F.4th 94, 101 (5th Cir. 2023). Accordingly, this Court has repeatedly held in recent years that Attorney General Paxton is not a proper *Ex parte Young* Defendant for challenges to the enforcement of criminal or other statutes. *Id.*; *City of Austin v. Paxton*, 943 F.3d 993, 999 (5th Cir. 2019).

Plaintiffs also point to efforts by the Attorney General to revoke the registration of an organization that sheltered unlawful migrants. ROA.2144. But they do not claim that this lawsuit was related to the enforcement of S.B.4 or showed a "demonstrated willingness" to enforce the provisions of S.B.4 or to "compel or constrain" anyone to obey S.B.4. Again, the relevant metric for *Ex parte Young* purposes is "the particular statutory provision that is the subject of the litigation." *TARA*, 28 F.4th at 672 (quoting *TDP*, 978 F.3d at 179). In the light of this Court's precedent in *Ostrewich* and *City of Austin*, Attorney General Paxton's enforcement of unrelated laws is inadequate to make him a proper Defendant under *Ex parte Young*.

Finally, while Director Martin does potentially have enforcement responsibilities under S.B.4 he is still entitled to sovereign immunity and dismissal. When the Plaintiffs in *LUPE* brought their lawsuit, S.B.4 was preliminarily enjoined and therefore had not been enforced against anyone, much less against any of the Plaintiffs in this case. And Plaintiffs have pointed to no evidence specifically

19

suggesting that that Director Martin will enforce or has a "demonstrated willingness" to enforce S.B.4. In the absence of "some affirmative action on the part of the named defendant" to enforce the challenged law, *Ogg* 105 F.4th at 330, *Ex parte Young* does not permit the *LUPE* Plaintiffs' claims against Director Martin. *See Nat'l Press Photographers Assn. v. McCraw*, 90 F.4th 770, 786 (5th Cir. 2024) (dismissing the Director of the Texas Department of Public Safety on sovereign immunity grounds despite acknowledging that DPS was authorized to enforce the statute at issue there).

Accordingly, if this Court decides to reach the merits of Appellants' sovereign immunity arguments, it should hold that sovereign immunity bars the *LUPE* Plaintiffs' claims against Appellants and direct the district court to dismiss them.

## IV. This Court Should Summarily Reverse in *Las Americas* and Direct the District Court to Dismiss the Case.

The Court should take a different approach with regard to the *Las Americas* appeal. In addition to failing to rule on Appellants' sovereign immunity argument, the district court also failed to rule on Appellants' standing argument. This Court has "in prior cases considered standing on interlocutory appeals of a district court's denial of Eleventh Amendment sovereign immunity." *James v. Hegar*, 86 F.4th 1076, 1081 (5th Cir. 2023). Accordingly, the Court is entitled to "exercise pendent appellate jurisdiction to review the delayed ruling on the related standing defense." *Zirus*, 2025 WL 3688711, at \*1.

Reversal of the district court's denial of the motion to dismiss is appropriate here because "the position of one of the parties is clearly right as a matter of law so that

there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In its recent en banc decision, the Court conclusively held that the *Las Americas* Plaintiffs lacked standing to challenge S.B.4. *Texas II*, 173 F.4th at 667.

Under such circumstances, this Court regularly summarily reverses and renders judgment. *See, e.g.*, *Cribbs Ringer v. Comal Indep. Sch. Dist.*, No. 25-51045, Dkt. 59-1 (May 29, 2026) (granting summary reversal); *United States v. Hernandez-Ramirez*, No. 25-50739, 2026 WL 432176, at *1 (5th Cir. Feb. 16, 2026) (per curiam) (granting summary reversal of a constitutional challenge because a recent decision of this Court "forecloses [the plaintiffs'] challenge"); *United States v. Haim*, 156 F.4th 691 (5th Cir. 2025) (per curiam) (granting summary reversal); *United States v. Junior Marriel*, 786 F. App'x 474, 475 (5th Cir. 2019) (per curiam) (same). In the light of that practice, it is appropriate for the Court to reverse and determine that the *Las Americas* case should be dismissed.

Doing so here is also consistent with judicial economy. This Court has already directly addressed and rejected the standing of the *Las Americas* Plaintiffs in *Texas II*. However, given the posture of the case, the judgment in *Texas II* was limited to vacating the preliminary injunction that was improperly issued by the district court. It would therefore be a waste of judicial resources to remand to the district court here for consideration of that same issue because this Court's decision in *Texas II* is not just outcome determinative, it is also binding on the district court. *See Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978) ("[T]he 'law of the case' [] must be followed in all subsequent proceedings in the same case in the trial court or on a latter

21

appeal in the appellate court."). Nor would the *Las Americas* Plaintiffs be prejudiced as they have not objected to the Appellants' motion to dismiss that is pending in the district court. Indeed, the *Las Americas* Plaintiffs voluntarily requested the district court dismiss their suit on June 3, 2026. Dkt. No. 88. Directing the district court to dismiss the *Las Americas* case is therefore in the interest of justice and the Court should do so.[3]

---

[3] If the Court does not summarily reverse and dismiss the *Las Americas* case, it should reverse and remand as with the *LUPE* case. It could also choose to reach the merits of the sovereign immunity issue since the *Las Americas* plaintiffs sue the same Appellants already discussed above. *Supra* Section III.

## CONCLUSION

For these reasons, this Court should reverse the district court's denial of Appellants' motions to dismiss. In the *LUPE* case, it should remand and direct the district court to rule on the substance of Appellants' motion to dismiss in the first instance or, alternatively, hold that the *LUPE* Plaintiffs' claims against Appellants are barred by sovereign immunity. In the *Las Americas* case, this Court should summarily reverse and grant Appellants' motion to dismiss since the *Las Americas* Plaintiffs plainly lack standing under this Court's precedent.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

WILLIAM R. PETERSON
Solicitor General

/s/ Daniel M. Ortner
DANIEL M. ORTNER
Assistant Solicitor General
Daniel.Ortner@oag.texas.gov

*Counsel for Appellants*

23

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,663 words excluding the parts of the brief exempted by Rule 32(f) and Fifth Circuit Rule 32.2, according to the word count of Microsoft Word. This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Equity font.

/s/ Daniel M. Ortner
DANIEL M. ORTNER